PATTERSON, Judge.
The Mobile County Grand Jury returned five indictments against appellant, Tommy Burks, charging him with one count of theft of property in the first degree and four counts of theft of property in the second degree, in violation of § 13A-8-3 and § 13A-8-4, Code of Alabama 1975. The five cases were consolidated prior to trial and appellant was found guilty by a jury on all counts. The trial court imposed a sentence of two years in the state penitentiary for theft of property in the first degree, and imposed a sentence of one year and one day in the state penitentiary for each count of theft of property in the second degree, to run concurrently with the previously imposed two-year sentence. This appeal follows.
*687 I
Appellant first contends that the State failed to prove that the money was stolen from “Joyner’s, Incorporated,” doing business as “McDonalds Restaurants,” as alleged in the indictment. This contention is wholly without merit. The testimony of Mr. Albert L. Joyner clearly establishes that the money taken from the McDonalds Restaurant in question was the property of Joyner, Incorporated, which owned the subject McDonalds Restaurant.
II
During the trial of this case a deposit slip and bank bag belonging to McDonalds, from which the money was taken, was suppressed due to an illegal search and seizure. The State was allowed to introduce this evidence on cross-examination. Appellant contends that the admission of this evidence was reversible error because it was the fruit of an illegal search and seizure and therefore not admissible for any reason. The State inappropriately argues the good faith exception to the warrant requirement established in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and Massachusetts v. Sheppard, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984). Although the answer to this issue is referred to in Leon, 468 U.S. at —, 104 S.Ct. at 3415, the State has failed to point this out.
The issues raised by appellant have been fully addressed in United States v. Havens, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980). In Havens, the government, in rebuttal to statements made by the defendant on cross-examination, introduced evidence obtained as a result of an illegal search and seizure. The Court held, 446 U.S. at 627-28, 100 S.Ct. at 1917:
“[A] defendant’s statements made in response to proper cross-examination reasonably suggested by the defendant’s direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained and that is inadmissible in the government’s direct case, or otherwise, as substantive evidence of guilt.”
As explained by the Eleventh Circuit Court of Appeals in United States v. One 1979 Porsche Coupe, 709 F.2d 1424, 1428 (11th Cir.1983):
“[Ijllegally obtained evidence may be used to impeach a statement made by a defendant on cross-examination when the statement being impeached is in response to a question that was reasonably suggested by the defendant’s direct testimony.”
In the case sub judice, Joyner testified that the missing money was detected by his accountant when certain deposits that were supposed to have been made by appellant, as store manager, were missing. Deposit slips were completed by the store manager and the originals were placed in a bank deposit bag with the deposit, and a copy was retained with the store records for the accountant. Each missing deposit occurred during a period when appellant was responsible for depositing the money in the bank.
When Joyner first confronted appellant with this information, appellant told Joyner that he had validated deposit slips that would prove his innocence. Appellant never produced any deposit slips and told Joyner he could not find them. Appellant testified on direct examination that he looked for records of the deposits in “boxes” at his home, but could not find anything.
On cross-examination, the State questioned appellant about the missing deposits. The following exchange occurred; note that State’s Exhibit Eighteen is the deposit slip found as a result of the illegal search and seizure:
“Q. Okay. Did you ever take any of those deposits home?
“A. No.
“Q. Did you ever take any deposit slips home?
“A. Not to my knowledge. I may have taken old deposit slips home out of the records that I had in those boxes that I told you about. But besides that, no.
“Q. Let me show you State’s Exhibit Eighteen. Did you fill that out?
*688 “A. Yes.
“Q. Is that your signature?
“A. Looks like my signature.
“Q. Okay. Did you put that in the bag?
“A. I don’t know what bag you’re talking about.
“Q. Did you put that in the deposit bag?
“A. Yes, if I made it out.
“Q. Okay.
“A. I assume I put it in the deposit bag. But I don’t remember that particular deposit slip.
“Q. And either you or somebody else was to put that along with the money and deposit it at First National Bank, weren’t they?
“A. If it was the correct deposit slip and if it wasn’t rewritten, as they have stated before. Some deposits were rewritten because they were improper.
“Q. You took this deposit slip home, didn’t you?
“A. No, not to my knowledge.
“Q. Okay. You didn’t deposit the money that was recorded on here, did you?
“A. I wouldn’t know.
“Q. And you don’t dispute that that’s your signature on there, do you?
“A. It looks like my signature.
“Q. And that’s the original. That’s not a copy, is it?
“A. It’s the original.”
When the defense rested, the State called Sgt. Jack Bishop in rebuttal. Bishop identified State’s Exhibit Eighteen as the deposit slip found in appellant’s bedroom.
Havens requires that the subject of the cross-examination which elicits the statement to be impeached must have been “suggested to a reasonably competent cross-examiner by [the defendant’s] direct testimony_” 446 U.S. at 626, 100 S.Ct. at 1916. In this case, the subject of the cross-examination was the possession of a missing original deposit slip. This issue was “reasonably suggested” by appellant’s testimony that he had searched for records of the deposits at his home and found nothing. It was therefore proper for the State to introduce the illegally obtained original deposit slip found in appellant’s home in order to impeach his testimony elicited on cross-examination.
Based on the foregoing, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.