Randy Hill was indicted for murder, in violation of §13A-6-2, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." The trial judge sentenced the appellant to 30 years' imprisonment in the state penitentiary and ordered him to pay two sums to the Alabama Crime Victim's Compensation Fund, $25 and $2,000, the latter amount being paid by the State for the victim's funeral expenses.
 I
The appellant, a 17-year-old juvenile, who was properly certified as an adult, contends that his confession, given to law enforcement officers a few hours after he stabbed the victim, was given without knowingly, voluntarily, and intelligently waiving his "Miranda rights." Therefore, the appellant claims that his motion to suppress this statement should have been granted by the trial judge.
Even though the trial judge ruled contrary to this appellant's position at trial, the State chose not to offer the appellant's statement into evidence. Instead, the State quoted from certain portions of the statement during cross-examination of this appellant. The appellant denied portions of this statement.
At the end of the appellant's case, the State offered a rebuttal witness, Edward Teal of the Marshall County Sheriff's Department. Teal testified that he was present when the statement was taken. Upon being asked if the appellant made those comments which he denied, Teal stated that he did.
As the State correctly notes in its brief, even if the appellant's confession was obtained in violation of Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the statement was properly used for impeachment purposes only.United States v. Havens, 446 U.S. 620, 100 S.Ct. 1912,64 L.Ed.2d 559 (1980); Oregon v. *Page 342 Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975).
A similar situation occurred in Burks v. State, 489 So.2d 686
(Ala.Cr.App. 1986), as in the case at bar. In Burks, the State offered a rebuttal witness who testified that a deposit slip was found in the appellant's residence, although the appellant had previously testified that he conducted a thorough search and could not find it. The deposit slip was obtained by unconstitutional means, but the trial court allowed the testimony of the rebuttal witness for impeachment purposes. We affirmed that decision as a proper method of discrediting an accused, even though the deposit slip itself was not admissible. Burks.
On the grounds raised by this appellant on appeal, we do not need to determine if the appellant voluntarily, knowingly, and intelligently waived his Miranda rights.
For the reasons shown, the judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.